UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| JUAN CARLOS RAMIREZ QUINTANILLA, | ) ) ) | No. 5:26-cv-02783-SVW-JDE |
| Petitioner, | ) ) ) ) | ORDER RE: SUMMARY DISMISSAL OF ACTION |
| v. | ) ) | |
| DHS OPLA, | ) ) ) | |
| Respondent. | ) ) ) | |

On May 19, 2026, Juan Carlos Ramirez Quintanilla ("Petitioner"), then in the custody of Immigration and Customs Enforcement ("ICE") at Adelanto, California ("Adelanto"), proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. Dkt. 1 ("Petition" or "Pet."). Petitioner seeks to challenge his "current immigration detention" arguing his continued immigration detention "is unlawful because [it] is unreasonabl[e] and there is not a significant likelihood of removal in the . . . reasonably foreseeable future," citing Zadvydas v. Davis, 533 U.S. 678 (2001). Id. at 3, 7. Following briefing and after filing a Notice of Intended Removal of Petitioner in compliance with General Order 26-05, on June 17, 2026, Respondent filed a Notice of Removal of Petitioner, advising that

Petitioner had been removed from the United States on June 5, 2026, under a final order of removal, attaching the warrant of removal. Dkt. 11, 11-1.

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 ("Habeas Rules"), Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under § 2254); see also Lane v. Feather, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss a Section 2241 petition). Accordingly, the Court "must promptly examine" the petition and, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court "must dismiss the petition." Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005). The Court finds the Petition is subject to summary dismissal.

The case or controversy requirement of Article III of the Constitution deprives federal courts of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (per curiam). "To qualify as a case fit for federal court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Arizonans for Off. English v. Arizona, 520 U.S. 43, 67 (1997) (citations and internal quotation marks omitted); see also Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (there must be a real and substantial controversy at the time the case is decided). "Mootness is jurisdictional." Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005).

"A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000) (citations and internal quotation marks omitted). Unless the prevailing party can obtain effective relief, "any opinion

2

as to the legality of the challenged action would be advisory." Id. "[A federal action] should . . . be dismissed as moot when, by virtue of an intervening event, a [federal court] cannot grant any effectual relief whatever in favor of the [party seeking relief]." Calderon v. Moore, 518 U.S. 149, 150 (1996) (per curiam) (citation and internal quotation marks omitted). Federal courts do not have the power to decide a case that does not affect the rights of a litigant in the case before it. Mitchell v. Dupnik, 75 F.3d 517, 527-28 (9th Cir. 1996).

A habeas petition is moot where the petitioner "seeks relief [that] cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus." Burnett, 432 F.3d at 1000-01 (internal quotation marks and ellipses omitted); see also Kittel v. Thomas, 620 F.3d 949, 951-52 (9th Cir. 2010) (habeas petition properly dismissed as moot where there was no legal issue remaining for the court to decide). The Court does not have subject-matter jurisdiction to consider a habeas claim that is moot. See, e.g., McCullough v. Graber, 726 F.3d 1057, 1060-61 (9th Cir. 2013).

Here, Petitioner sought release from ICE detention, arguing his removal was not likely to occur in the foreseeable future. He has now been removed. As such, the Petition is moot. See, e.g., Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (holding that a habeas claim challenging only the length detention was rendered moot by petitioner's removal); Oury v. Warden of the Mesa Verde Det. Facility, 2026 WL 853374, at *1 (E.D. Cal. Mar. 27, 2026) ("Because petitioner is no longer in ICE custody, the Court finds that the petition is moot."), adopted by 2026 WL 1147959 (E.D. Cal. Apr. 28, 2026).

THEREFORE, IT IS HEREBY ORDERED that Judgment be entered denying the Petition and dismissing this action without prejudice as moot.

Dated: June 24, 2026_____        _____
                                    HON. STEPHEN V. WILSON
                                    United States District Judge